**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
CHARLES S. ANDERSON,           :
                               :
          Plaintiff,           :   Civil Action No. 05-5296 (MLC)
                               :
     v.                        :
                               :
RUSSELL KTERSTEAD,             :       O P I N I O N
                               :
          Defendant.           :
```

**APPEARANCES:**

    CHARLES S. ANDERSON, #J1227
    Plaintiff Pro Se

**COOPER, District Judge**

    Plaintiff, Charles S. Anderson, currently confined at Ocean County Department of Corrections, seeks to bring this action without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the absence of three prior dismissals under 28 U.S.C. § 1915(g), the Court: (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assesses the $250.00 filing fee against Plaintiff; and (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee and to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account

exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(a), (b). Having reviewed the Complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.   BACKGROUND

Plaintiff alleges violations of his Eighth Amendment rights under 42 U.S.C. § 1983 by Correctional Officer Russell Kierstead. Plaintiff asserts as follows:

> "Eighth Amendment" Deliberate Indifference. . . . "Racial profile (reckless)." On . . . 10.27.05 . . . I was fired because of something someone else [has] done. I work in the kitchen, . . . I am the only black person on the second shift. But it's go months back when I was the basement trustee. I was told by Mr. Kierstead [that] any chance he get[s] he will fire[] me. When he address[ed] me, he sa[id,] "You people never listen!" . . . I feel that this individual should be dealt with accordingly 'cause he is dealing with some mental issues. Also keep separated. But[,] most of all[,] desk duty.

(Compl. ¶¶ 4, 6, 7.)

## II.   LEGAL STANDARD

The Court is required to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court also is required to sua sponte dismiss any claim if the Court determines

2

that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema, 534 U.S. 506 511, 514 (2002).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead [all] facts [necessary for] establishing a prima facie case." Swierkiewicz, 534 U.S. at 511; see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). The statement of the claim must simply "give the defendant fair notice of what the

3

plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, the plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Thus, a complaint must contain a "statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

The Court — liberally construing Plaintiff's allegations and accepting them as true — construes the complaint as raising potential claims under 42 U.S.C. § 1983 for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and examines the complaint accordingly.

### III. DISCUSSION

To recover under 42 U.S.C. § 1983, a plaintiff must show: (1) a person caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Although lawful imprisonment entails the necessary withdrawal or limitation of many rights and privileges, see Pell

4

v. Procunier, 417 U.S. 817, 822 (1974), inmates have a constitutional right to be free from discrimination based on race and other "suspect classifications," such as alienage or country of origin. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338 (3d Cir. 2004); Bentley v. Beck, 625 F.2d 70, 70-71 (5th Cir. 1980). Here, Plaintiff asserts the four following facts in support of his claim for discrimination:

(1) Plaintiff was the only black person in the kitchen staff working the second shift;

(2) Plaintiff was fired from this position two days after he was hired;

(3) Months ago, Plaintiff, then employed as the Basement Trustee, was told by Kierstead that Plaintiff would be fired by Kierstead as soon as Kierstead had such opportunity;

(4) Addressing Plaintiff, Kierstead stated, "You people never listen!"

These facts appear to be race-neutral. Specifically, Plaintiff does not suggest that there are no other black persons on kitchen staff (at most, he alleges that there are no other black persons working the second shift), and the very fact of his original hiring as a kitchen staff member indicates lack of racial bias. Nor does Plaintiff suggest that: (1) Kierstead, in his capacity of Correctional Officer, both had and exercised any firing powers with respect to Plaintiff as a member of the

5

kitchen staff (or as the Basement Trustee); or that (2) the firing was based on Plaintiff's race.[1] In sum, the only asserted fact vaguely related to Plaintiff's claim of racial bias is the alleged statement by Kierstead, "You people never listen!"

This Court, however, cannot read racial bias into the appellation "you people." The appellation can imply an infinite number of things, including all of the inmate population or a group of inmates having common features unrelated to race (translating "you people" into "you inmates," or "you kitchen staffers"). Even if the term "you people" could be interpreted as being racial, Plaintiff still has no claim. "It is well established that racially derogatory language, verbal harassment, or threats standing alone do not state a constitutional claim." Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864 at *15 (E.D. Pa. June 29, 2005); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F.Supp. 695, 698 (E.D. Pa. 1995). "To support a cause of action under the Equal Protection Clause, racial epithets must be coupled with harassment or other specific conduct." Id. at *15-16 (citing Williams, 180 F.3d at 706; Johnson v. Morel, 876 F.2d 477 (5th Cir. 1989)).

---

[1] While Plaintiff asserts that he was fired because of a wrongful act performed by someone else (whose employment position and race are not stated), Plaintiff does not state that this allegedly wrongful act was allocated to Plaintiff because of Plaintiff's race. Similarly, Plaintiff does not suggest that such incorrect allocation of blame was executed by Kierstead.

6

Plaintiff's allegations — as set forth in the complaint — do not show that Plaintiff's Equal Protection rights were violated, since the sole negative fact stated by Plaintiff, that is, his firing, lacks causal connection with the quoted language (racial underpinning of which is extremely doubtful). At most, it appears that one of the parties may hold a grudge against the other. Holding such grudges, however, does not amount to a Constitutional violation, since the Equal Protection Clause is neither a general code of civility, nor does it mandate admirable behavior from supervising officials. See Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 2283-84 (1998) (noting that the discrimination laws are not a "general civility code," and "offhand comments[] and isolated incidents . . . will not amount to discriminatory changes"). The Court, therefore, will dismiss the Complaint for failure to state a claim upon which relief may be granted.³

---

³ Even if the complaint, hypothetically, stated a claim upon which relief may be granted, the complaint would still be dismissed without prejudice on the grounds of exhaustion. Plaintiff expressly acknowledges that he has not sought any administrative remedies but attempts to justify his failure by claiming that "some [grievance applications] seem not to reach its place. Some officers throw them away, so the [Sergeant] or [Lieutenant Captain] never receive them. Even with a receipt for the remedy." Compl. ¶ 5 (emphasis supplied).
   Plaintiff's vague allegations of futility of administrative process do not exempt him from exhausting these remedies. There is an exhaustion requirement for prisoners' suits regarding prison conditions. See 42 U.S.C. § 1997e(a). The provision, entitled "Suits by Prisoners," provides:

7

## IV. CONCLUSION

The Court will grant Plaintiff's application to file the Complaint without prepayment of the filing fee. But the Court will dismiss the complaint with prejudice. The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper<br>
<b>MARY L. COOPER</b><br>
United States District Judge

---

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that this exhaustion requirement for suits regarding "prison conditions" applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 531 (2002). An inmate must not only begin the administrative grievance process in order to meet the exhaustion requirement, but must also complete it in compliance with administrative rules. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Even if the administrative process does not provide the particular relief sought by the plaintiff, he or she is still required to exhaust all administrative procedures that are available. See Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, the plaintiff is required to exhaust all available procedures offered by the prison, even if doing so appears "futile." See Jernigan, 304 F.3d at 1032; see also Giano v. Goord, 250 F.3d 146, 150-51 (2d Cir. 2001) ("alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies"); Perez v. Wisc. Dep't of Corrs., 182 F.3d 532, 536-37 (7th Cir. 1999) (finding exhaustion requirement has no "futility exception," and stating "no one can know whether administrative requests will be futile; the only way to find out is to try").